IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN LACERDA,   )<br>          )<br>     Petitioner,   )<br>          )<br>  vs.        )<br>          )<br>          )<br>D K. SISTO, Warden,  )<br>          )<br>     Respondent.  )<br>_____ ) | No. C 08-05711 JW (PR)<br><br>ORDER DENYING PETITION FOR<br>WRIT OF HABEAS CORPUS;<br>DENYING CERTIFICATE OF<br>APPEALABILITY |

Petitioner, a state prisoner currently incarcerated at San Quentin State Prison in San Quentin, California, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state convictions. The Court reviewed the petition and ordered respondent to show cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent filed an answer and supplemental answer with a supporting memorandum and exhibits. Petitioner filed a traverse and supplemental traverse.

**BACKGROUND**

According to the petition, petitioner pleaded guilty to gross vehicular manslaughter, driving under the influence of alcohol, and hit and run resulting in permanent serious injury

1  or death in Santa Clara County Superior Court. Petitioner admitted the prior conviction
2  allegation as to the driving under the influence count. Petitioner's plea agreement specified
3  that he would receive a sentence between eleven and fifteen years in state prison. On March
4  6, 2006, petitioner was sentenced to the upper term of ten years for the gross vehicular
5  manslaughter conviction plus five years for the enhancement attached to the hit and run
6  conviction. The trial court otherwise stayed the remaining punishments. The court further
7  imposed a $9000 restitution fine and a $9000 parole revocation fine that was to be suspended
8  after completion of parole. After a series of remands between the California Supreme Court
9  and the California Court of Appeal, the California Court of Appeal affirmed the judgment on
10 July 23, 2008 and on October 3, 2008, the California Supreme Court denied review.
11 Thereafter, petitioner filed the instant federal petition on December 22, 2008.

The California Court of Appeal set forth the following summary of facts[1]:

> [Petitioner] met a woman in a bar and gave her a ride on his motorcycle despite consuming several alcoholic beverages. He lost control of the motorcycle and struck a fire hydrant. The woman was thrown from the motorcycle into a tree. She later died. [Petitioner] walked away from the scene.
>
> [Petitioner] signed the advisement of rights form, which denoted a sentence "11 yr. bottom 15 yr. top." In reciting the terms of the agreement at the change-of-plea hearing, the trial court stated that, "The sentencing understanding is that he'll receive no less than 11 years and no more than 15 years in state prison." It then asked [petitioner], "Is that what you want to do?" [Petitioner] responded, "Yes, sir." The following colloquy then occurred.
>
> "THE COURT: [Defense counsel], did you execute a plea form, or did you help [petitioner] execute the form?
>
> "[Defense counsel]: I read the form in its entirety except for the matters which did not relate to his case and crossed out those boxes, prior to his initialing and signing the form.
>
> "THE COURT: I've been handed a waiver form. Are these your initials and signature on the form?
>
> "THE [PETITIONER]: Yes, sir.
>
> "THE COURT: Did you go over the form carefully with your attorney

---

[1] People v. Lacerda, No. H030026, California Court of Appeal, Sixth Appellate District (July 23, 2008). (Resp't Ex. E.)

United States District Court
For the Northern District of California

... before you signed it?

"THE [PETITIONER]: Yes.

"THE COURT: Do you have any questions for me or for your attorney concerning anything, anything concerning the case?

"THE [PETITIONER]: No, sir."

Provision 30 of the form signed by [petitioner] states: "No one has made any promises to me other than what were stated on the record in order to induce me into entering my plea(s)." [Petitioner] placed his initials next to provision 30.

Provision 42 of the form signed by [petitioner] states: "I understand that there will be a mandatory restitution fund fine of not less than $200 nor more than $10,000, and if I am being sentenced to State prison that there will be an additional equal amount imposed but stayed." [Petitioner] placed his initials next to provision 42.

At the sentencing hearing, defense counsel asked the court to impose a midterm sentence, which would calculate to the minimum 11-year term, rather than the upper term recommended by the prosecution, which would calculate to the 15-year term. Defense counsel did not, however, argue that the trial court did not have the authority to impose an upper term sentence absent jury findings that one or more aggravating factors existed. [Citations omitted.] In sentencing [petitioner] to the upper term, the trial court also ordered the following, which was consistent with the probation officer's recommendation: "There's a $9,000 restitution fine using the statutory formula. I imposed an additional $9,000 restitution fine suspended pursuant to [section] 1202.45 of the Penal Code pending successful completion of your parole."

## DISCUSSION

A.  Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

The writ may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence

presented in the State court proceeding." Id. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. "[A] federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

The only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. Williams, 529 U.S. at 412; Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir. 2003). While circuit law may be "persuasive authority" for purposes of determining whether a state court decision is an unreasonable application of Supreme Court precedent, only the Supreme Court's holdings are binding on the state courts and only those holdings need be "reasonably" applied. Id.

Even if the state court decision was either contrary to or an unreasonable application of clearly established federal law, within the meaning of AEDPA, habeas relief is still only warranted if the constitutional error at issue had a "'substantial and injurious effect or influence in determining the jury's verdict.'" Penry v. Johnson, 532 U.S. 782, 796 (2001) (quoting Brecht v. Abrahamson, 507 U.S. 619, 638 (1993)).

Lastly, a federal habeas court may grant the writ it if concludes that the state court's adjudication of the claim "resulted in a decision that was based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The court must presume correct any determination of a factual issue made by a state court unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. Id. §2254(e)(1).

B.  Legal Claims and Analysis

Petitioner raises two claims for federal habeas relief: (1) his Sixth Amendment right to a jury trial was violated when the trial court sentenced him to the upper term and (2) his due process rights were violated when the trial court imposed a restitution fine which was not a term of the plea bargain.

1.  Sixth Amendment Challenge

Petitioner claims that the trial court violated his Sixth Amendment right to a jury trial by sentencing him to a high-end sentence[2] for his guilty plea convictions. Specifically, petitioner claims that the trial court committed constitutional error by finding that petitioner had suffered prior convictions that were numerous or of increasing severity.[3] According to petitioner, the United States Supreme Court has held that defendants have a right for these facts -- with the exception of a fact of a prior conviction -- to be found by a jury, not a trial judge. And, petitioner contends that Butler supports his argument by conclusively stating, "the [prior convictions] exception does not extend to qualitative evaluations of the nature or seriousness of past crimes, because such determinations cannot be made solely by looking to

---

[2] Under California's Determinate Sentencing Law ("DSL"), a defendant can be sentenced to a lower, middle, or upper term. "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). The "'statutory maximum' is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Blakely v. Washington, 542 U.S. 296, 303 (2004). The statutory maximum under the DSL is the middle term. Cunningham v. California, 549 U.S. 270, 293 (2007).

[3] The trial court also found that other bases for imposing an aggravated sentence were that petitioner "engaged in violent conduct" and "knew he was impaired and chose to drive anyway." (RT 142.) This Court need not decide whether judicial factfinding about these two aggravating factors violated the Sixth Amendment because under California law, "only one aggravating factor is necessary to authorize an upper term sentence." Butler v. Curry, 528 F.3d 624, 641 (9th Cir. 2008). Thus, there was no constitutional error in this case so long as the trial court's findings about the petitioner's criminal history were permitted by the Sixth Amendment.

Order Denying Petition for Writ of Habeas Corpus; Denying Certificate of Appealability
P:\PRO-SE\SJ.JW\HC.08\Lacerda05711_denyHC.wpd        5

the documents of conviction." Butler, 528 F.3d at 644.

The California Court of Appeal rejected petitioner's argument. Applying the California Supreme Court's ruling in People v. Black ("Black II"), 41 Cal. 4th 799 (Cal. 2007), it held that the trial court was permitted to sentence petitioner to a high-end sentence based on the judge's determination that this aggravating factor was present. Specifically, the state appellate court found:

> Black II also held that the [petitioner's] criminal history was a second aggravating circumstance meeting Sixth Amendment requirements. The [Black II] court explained that this factor encompasses "not only the fact that a prior conviction occurred, but also other related issues that may be determined by examining the records of the prior convictions. [Citations.] [¶] The determinations whether a defendant has suffered prior convictions, and whether those convictions are 'numerous or of increasing seriousness' [citation] require consideration of only the number, dates, and offenses of the prior convictions alleged. The relative seriousness of these alleged convictions may be determined simply by reference to the range of punishment provided by statute for each offense." (Black II, 41 Cal. 4th at 819-820, fn. omitted.) . . .
>
> Here, the probation report states the following: "A review of the [petitioner's] criminal history revealed three prior misdemeanor convictions for Unlawful Sexual Intercourse and Driving under the Influence of Alcohol." And, in entering his plea, [petitioner] admitted suffering the prior driving-under-the-influence conviction. Because the fact of a prior conviction is an exception to the requirement that aggravating circumstances must be found true by a jury or admitted by the [petitioner], [petitioner's] prior criminal record was established consistent with Sixth Amendment principles. Also, because [petitioner] admitted a prior conviction, that prior conviction was established consistent with Sixth Amendment principles. The trial court was therefore entitled to rely on [petitioner's] recidivism as an aggravating factor so as to impose the upper term. (People v. Osband (1996) 13 Cal. 4th 622, 728 [a single aggravating factor is sufficient to support imposition of the upper term].) Its reference to other aggravating factors is irrelevant. (Black II, supra, 41 Cal. 4th at p. 813.)

(Resp. Ex. E at 6-8.)

In order to grant petitioner's habeas petition, this Court would have to find that Black II, on which the appellate court relied, was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent. In Black II, the California Supreme Court held that the trial judge's imposition of an upper-term sentence was valid because the judge found at least one aggravating circumstance in a fashion that satisfied the Sixth Amendment. Black II, 41 Cal. 4th at 805-06. Noting that the defendant's criminal history included three misdemeanor convictions for second degree burglary and receiving

Order Denying Petition for Writ of Habeas Corpus; Denying Certificate of Appealability
P:\PRO-SE\SJ.JW\HC.08\Lacerda05711_denyHC.wpd        6

stolen property, followed by felony convictions for grand theft and burglary four years later, the trial judge determined that the defendant's convictions were "numerous and of increasing seriousness."[4] Id. at 818. On appeal, the defendant argued that he was entitled to a jury trial on whether his convictions were numerous and of increasing severity. Id. at 819. Relying on the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224 (1998), Black II disagreed with the defendant. Almendarez-Torres noted that recidivism "is a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence" and held that the fact of a prior conviction need not be pleaded in an indictment or proved to a jury beyond a reasonable doubt. 523 U.S. at 243-47. Apprendi upheld Almendarez-Torres as a "narrow exception" to the general rule that any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be found by a jury or admitted by the defendant. 530 U.S. at 490. Black II interpreted the Almendarez-Torres exception broadly, reasoning that "recidivism" includes "not only the fact that a prior conviction occurred, but also other related issues that may be determined by examining the records of the prior convictions." 41 Cal. 4th at 819. According to Black II, a defendant is therefore not entitled to a jury determination on whether his convictions are numerous or of increasing seriousness. Id.

Petitioner argues that Black II is contrary to clearly established Supreme Court precedent. Petitioner relies on the Ninth Circuit's recent decision in Butler v. Curry, 528 F.3d 624 (9th Cir. 2008). In Butler, the trial court had found that two aggravating factors warranted imposition of the upper-term sentence: that the victim was particularly vulnerable and that the defendant was on probation at the time of the offense. Butler, 528 F.3d at 632. Butler held that the Almendarez-Torres exception for prior convictions does not permit sentencing courts to make "qualitative evaluations of the nature or seriousness of past crimes, because such determinations cannot be made solely by looking to the documents of

---

[4] Under California Rules of Court, Rule 4.421(b)(2), the fact that a defendant has suffered prior adult convictions that are "numerous or of increasing seriousness" is an aggravating factor at sentencing.

conviction." Id. at 644. In Butler, the trial court's finding that the defendant was on probation at the time of the offense violated the defendant's right to a jury trial as this fact was "not reflected in the documents of a prior conviction nor, for that matter, may it be conclusively inferred from those documents." Id. at 646.

Butler does not demonstrate that Black II was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent. For the purposes of AEDPA, habeas review is based only on Supreme Court holdings. See Moses v. Payne, 555 F.3d 742, 762 (9th Cir. 2009) (citing 28 U.S.C. § 2254(d); Crater v. Galaza, 491 F.3d 1119, 1126 & n.8 (9th Cir. 2007)). Federal law is not clearly established by the Supreme Court of the United States, even where a federal court of appeals has reached a clear standard on the issue, if the issue remains an "open question in the Supreme Court's jurisprudence." Moses, 555 F.3d at 762 (citation omitted).

Black II held that the prior conviction exception is broad enough to allow a judge to determine whether a defendant's prior convictions are numerous or of increasing seriousness. See Black II, 41 Cal. 4th at 819-20 (citation omitted) ("The relative seriousness of these alleged convictions may be determined simply by reference to the range of punishment provided by statute for each offense. This type of determination is quite different from the resolution of the issues submitted to a jury, and is one more typically and appropriately undertaken by a court."). Further, other circuits and state courts have interpreted the prior conviction exception more broadly to include facts related to recidivism. See, e.g., United States v. Smith, 474 F.3d 888, 892 (6th Cir. 2007) (determination that criminal history was "extensive and egregious" within Almendarez-Torres exception); United States v. Santiago, 268 F.3d 151, 157 (2d Cir. 2001) (existence of three prior felony convictions for offenses committed on "separate occasions" within Almendarez-Torres exception); State v. Jones, 159 Wash. 2d 231 (Wash. 2006) (prior conviction exception encompasses a determination of the defendant's probation status).

Indeed, the Ninth Circuit recognized in Butler that its precedent on the scope of the prior conviction differ from those of other circuits. See Butler, 528 F.3d at 648 n.15 ("Some

of our sister circuits have . . . taken a broader view of the <u>Almendarez-Torres</u> exception, permitting judicial factfinding as to facts that we have held do not come within the <u>Almendarez-Torres</u> exception."). Moreover, after <u>Butler</u>, the Ninth Circuit held in <u>Kessee v. Mendoza-Powers</u> that because of this difference of opinion about what degree of judicial factfinding is authorized by <u>Almendarez-Torres</u>, "<u>Butler</u> does not represent clearly established federal law 'as determined by the Supreme Court of the United States.'" 574 F.3d 675, 679 (9th Cir. 2009) (quoting 28 U.S.C. § 2254(d)(1)). <u>Kessee</u> therefore concluded that although under <u>Butler</u> "a defendant's probationary status does not fall within the 'prior conviction' exception, a state court's interpretation to the contrary does not contravene AEDPA standards." <u>Id.</u> It follows, therefore, that even if <u>Black II</u> conflicts with the Ninth Circuit precedent articulated in <u>Butler</u>, this Court cannot conclude that <u>Black II</u> was contrary to federal law for AEDPA purposes.

In sum, because the Supreme Court has not spoken on whether the prior conviction exception allows a sentencing judge to determine that prior convictions are numerous or increasingly serious and because the federal circuits have reached conflicting conclusions on the scope of the exception, the California Court of Appeal's decision that the judicial factfinding in this case was constitutional is not "contrary to, or [ ] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

    2.    <u>Restitution fine</u>

Petitioner claims that the imposition of a restitution fine violated his right to due process because it was not a bargained-for term included in his plea agreement. In support of his argument, petitioner relies on two California state cases: <u>People v. Walker</u>, 54 Cal. 3d 1013 (Cal. 1991) and <u>People v. Crandell</u>, 40 Cal. 4th 1301 (Cal. 2007).

On direct appeal, the California Court of Appeal rejected petitioner's claim as follows:

> Relying on <u>People v. Walker</u> (1991) 54 Cal. 3d 1013, [petitioner] asserts that any restitution fine above the statutory minimum of $200 violated his plea bargain because the terms of his plea bargain did not contain any reference to the fines.

Order Denying Petition for Writ of Habeas Corpus; Denying Certificate of Appealability
P:\PRO-SE\SJ.JW\HC.08\Lacerda05711_denyHC.wpd           9

> In People v. Crandell (2007) 40 Cal. 4th 1301, the court held that the imposition of a more-than-minimum restitution fine does not violate a plea agreement, even if the amount of the fine was not mentioned as part of the plea agreement, so long as the defendant acknowledged that there had been no promises to him other than the agreed prison term and he was informed that a restitution fine of between $200 and $10,000 would be imposed. (Id. at pp. 1309-1310.)
>
> Here, at the change of plea hearing, the court and the parties orally identified the agreed prison-term range. But other aspects of the plea were reflected in the written waiver form and became part of the bargain as well. As relevant here, [petitioner] acknowledged in the waiver form that (1) no one had made promises to him other than reflected on the record (provision 30), and (2) the trial court would impose restitution fines between $200 and $10,000 (provision 42). [Petitioner] entered his plea only after confirming his understanding of that form. This incorporated into the plea the terms set forth in the form. "[B]ecause the record demonstrates that the parties intended to leave the amount of [petitioner's] restitution fine to the discretion of the court, defendant is not entitled to relief." (Crandell, supra, 40 Cal. 4th at p. 1309.)
>
> "These facts distinguish the case from Walker, where the court advised the defendant only that the "maximum penalties provided by law" 'for his offense included "a fine of up to $10,000" 'and obtained no assurance that the parties intended their plea bargain to leave the amount of the restitution fine to the court's discretion." (Crandell, supra, 40 Cal. 4th at pp. 1309-1310.)

(Resp. Ex. E at 8-9.)

"[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U.S. 257, 262 (1971). Plea agreements are contractual in nature and subject to contract law standards of interpretation. In re Ellis, 356 F.3d 1198, 1209 (9th Cir. 2004). If the terms of the plea agreement have a clear and unambiguous meaning, then the court does not look to extrinsic evidence. United States v. Streich, 560 F.3d 926, 929-30 (9th Cir. 2009).

California law allows parties to negotiate concerning the amount of restitution. See Crandell, 40 Cal. 4th at 1309; Walker, 54 Cal. 3d at 1027-28. Here, the record shows that the parties agreed in the plea agreement that petitioner would have to pay a mandatory restitution fine "of not less than $200 nor more than $10,000." (CT 318.) Further, petitioner very clearly signed his initials next to that statement. (Id.) Looking to the plain terms of the written plea agreement, it is clear that the parties understood petitioner would pay a restitution fine of something between $200 and $10,000. Petitioner's contention to the

contrary is belied by the record. See Crandell, 40 Cal. 4th at 1309-10 (no breach of plea agreement where record showed the parties intended to leave the amount of restitution fine to the discretion of the court; court "flatly informed" defendant that he would be ordered to pay victim restitution); People v. Knox, 123 Cal. App. 4th 1453, 1461 (Cal. App. 2004) (fact that precise amount of restitution fine was not specified prior to entry of plea showed defendant recognized the amount of the fine would be left to the sentencing judge).

Accordingly, petitioner is not entitled to habeas relief on this claim.

## CERTIFICATE OF APPEALABILITY

The federal rules governing habeas cases brought by state prisoners have recently been amended to require a district court that denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling. See Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (effective December 1, 2009). For the reasons set out in the discussion above, petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right [or] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Accordingly, a COA is DENIED.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus and a COA are DENIED.

DATED: April 16, 2010

JAMES WARE
United States District Judge

Order Denying Petition for Writ of Habeas Corpus; Denying Certificate of Appealability
P:\PRO-SE\SJ.JW\HC.08\Lacerda05711_denyHC.wpd            11

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

STEVEN LACERDA,

        Petitioner,

v.

D.K. SISTO, Warden,

        Respondent.

                                          /

Case Number: CV08-05711 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 4/16/2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Steven Lacerda F-18673
CSP - San Quentin
San Quentin, Ca 94974

Dated: 4/16/2010

                                        Richard W. Wieking, Clerk
                                 /s/ By: Elizabeth Garcia, Deputy Clerk

Steven Lacerda F-18673
CSP - San Quentin
San Quentin, Ca 94974


CV08-05711 JW